UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

PIERRE LAVI,

                          Plaintiff,

           -against-

PUNEET TALWAR; GENERAL
MANAGER, BANK CENTRAL
POPULAIRE,

                          Defendants.

---

22-CV-10948 (LTS)

ORDER TO AMEND

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff Pierre Lavi brings this action on his own behalf and as "the Owner of Turbo

Dynamics Corporation." By order dated January 18, 2023, the Court granted Plaintiff Pierre

Lavi's request to proceed *in forma pauperis* (IFP), that is, without prepayment of fees.[1] For the

reasons set forth below, the Court grants Plaintiff leave to file an amended complaint within 60

days of the date of this order.

## STANDARD OF REVIEW

The Court must dismiss an *in forma pauperis* complaint, or any portion of the complaint,

that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks

monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B);

*see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must

also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised.

*See* Fed. R. Civ. P. 12(h)(3).

---

[1] As explained below, as a non-attorney proceeding *pro se*, Pierre Lavi cannot represent
Turbo Dynamics Corporation. Turbo Dynamics Corporation also cannot proceed as a plaintiff
without prepayment of the filing fees. *See Rowland v. CA Men's Colony*, 506 U.S. 194 (1993)
(holding that only natural persons can proceed *pro se*).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff Pierre Lavi resides in Huntington, New York, in Suffolk County, and he provides an address for Turbo Dynamics Corporation at the same address.[2] He makes the following allegations:

> My company, Turbo Dynamics Corporation, a manufacturing company of gas turbines and jet engine blades for over 40 years was defrauded as Defendants . . .

_____

[2] Plaintiff also uses the names Parviz Lavi and Peter Lavi.

committed mail and wire fraud against . . . a United States citizen and their
company . . . .[T]he top management of ONEE, the largest government agency in
Morocco, . . . decided to enrich themselves by not allowing Turbo Dynamics to
receive payment for the transfer of technology and shipment of their machineries
to Morocco.

(ECF 1 at 1.)

Plaintiff states that "[t]his is an action to recover the balance of the money due to

undersigned owed by ONEE. The last payment received from Banque Centrale Populaire de

Morocco (BCP) was in the amount of $39,913.19 on 12/02/2020." (*Id.* at 2.) He attaches to the

complaint a document that appears to indicate that a wire from originator ONEE Branche

Electricite, was sent from originator's bank, BCP, to beneficiary Turbo Dynamics Corporation, at

Bank of America. (*Id.* at 3.) Plaintiff contends that "[a] governmental authority committed fraud

against undersigned . . . as they violated United States mail and wire fraud [and] are subject to

criminal investigation of United States postal services located at Chicago, Illinois." (*Id.*) Plaintiff

repeatedly refers to harms against the "undersigned" and he signs the document as "Pierre Lavi,

Owner, Turbo Dynamics Corporation." (*Id.*)

Plaintiff brings this suit for damages against Defendants Puneet Talwar, an American

diplomat serving as the U.S. Ambassador to Morocco; and BCP, the bank that ONEE Branche

Electricite used for its wire transfer. [3]

## DISCUSSION

### A.    Subject Matter Jurisdiction

The subject matter jurisdiction of the federal district courts is limited and is set forth

generally in 28 U.S.C. §§ 1331 and 1332. Under these statutes, federal jurisdiction is available

---

[3] Plaintiff has also brought other similar suits. *See Lavi v. BNP Paribas*, No. 1:22-CV-06922 (LTS) (S.D.N.Y. filed Aug. 12, 2022); *Lavi v. Sonelgaz Group of Companies*, No. 22-CV-7514 (LTS) (S.D.N.Y. Feb. 8, 2023) (dismissed with 30 days' leave to replead).

only when a "federal question" is presented or when plaintiff and defendant are citizens of

different states and the amount in controversy exceeds the sum or value of $75,000. "'[A]ny

party or the court *sua sponte*, at any stage of the proceedings, may raise the question of whether

the court has subject matter jurisdiction.'" *United Food & Commercial Workers Union, Local*

*919, AFL-CIO v. CenterMark Prop. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994)

(quoting *Manway Constr. Co., Inc. v. Hous. Auth. of the City of Hartford*, 711 F.2d 501, 503 (2d

Cir. 1983)); *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter

delineations must be policed by the courts on their own initiative."). "If the court determines at

any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ.

P. 12(h)(3).

1.       Federal Question Jurisdiction

To invoke federal question jurisdiction, a plaintiff's claims must arise "under the

Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A case arises under federal

law if the complaint "establishes either that federal law creates the cause of action or that the

plaintiff's right to relief necessarily depends on resolution of a substantial question of federal

law." *Bay Shore Union Free Sch. Dist. v. Kain*, 485 F.3d 730, 734-35 (2d Cir. 2007) (quoting

*Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 690 (2006)). Merely invoking

federal jurisdiction, without pleading any facts demonstrating a federal law claim, does not

create federal subject matter jurisdiction. *See Nowak v. Ironworkers Local 6 Pension Fund*, 81

F.3d 1182, 1188-89 (2d Cir. 1996).

Plaintiff does not specify the basis for jurisdiction of this suit in federal court, but he

attaches a copy of a decision in a case brought under the Federal Sovereign Immunities Act

(FSIA), 28 U.S.C. §§ 1602–1611. The FSIA provides "the sole basis for obtaining jurisdiction

over a foreign state in the courts of this country" and renders a foreign government

"presumptively immune from the jurisdiction of United States courts unless one of the Act's express exceptions to sovereign immunity applies." *OBB Personenverkehr AG v. Sachs*, 136 S. Ct. 390, 394 (2015); 28 U.S.C. § 1330(a) (conferring jurisdiction over "any claim . . . with respect to which the foreign state is not entitled to immunity"). The exception for commercial activity provides that a foreign state shall not be immune from the jurisdiction of United States courts in any case "in which the action is based upon a commercial activity carried on in the United States by the foreign state." 28 U.S.C. § 1605(a)(2).

The complaint can be understood as alleging that a state-owned entity, ONEE Branche Electricite, failed to pay Turbo Dynamics Corporation in full for machinery shipped to Morocco. Plaintiff, however, has not named as a defendant ONEE, or any other entity that could be considered a foreign state subject to suit under the FSIA. Instead, Plaintiff sues the U.S. Ambassador to Morocco, and BCP, which appears to be a private bank operating in Morocco. The FSIA does not apply to suits against heads of state or government, to accredited diplomats or consular officers, or to other individual foreign officials in their personal capacity. *Samantar v. Yousuf*, 560 U.S. 305 (2010).[4] Thus, even if Plaintiff had sued a foreign diplomat, rather than an American one, this would not provide a basis for suit under the FSIA. The complaint also does not plead any facts suggesting that the FSIA could apply to Plaintiff's claim against a bank, which is not alleged to be a state-owned entity. Thus, although the complaint might be liberally construed as invoking the FSIA, Plaintiff does not plead any facts suggesting that the FSIA provides a basis for jurisdiction of his claims against either of the named defendants.

---

[4] Diplomatic and consular immunities are based on treaty law and apply to individual representatives of foreign governments (*e.g.*, ambassadors, embassy officials, consuls) who have been duly accredited by their governments to the U.S. Department of State. *United States v. Al Sharaf*, 183 F. Supp. 3d 45 (D.D.C. 2016); *Rana v. Islam*, 305 F.R.D. 53 (S.D.N.Y. 2015); *United States v. Khobragade*, 15 F. Supp. 3d 383 (S.D.N.Y. 2014).

2.        Diversity Jurisdiction

Plaintiff does not allege facts demonstrating that the Court has diversity jurisdiction of

this action. To establish jurisdiction under 28 U.S.C. § 1332, a plaintiff must first allege that the

plaintiff and the defendant are citizens of different states. *Wis. Dep't of Corr. v. Schacht*, 524 U.S.

381, 388 (1998). Diversity of citizenship also exists in a suit between a citizen of a State and a

subject of a foreign state, unless the foreign subject is lawfully admitted for permanent residence

in the United States and is domiciled in the same State, in which case there is no diversity of

citizenship. 28 U.S.C. § 1332(a)(2). In addition to pleading diversity of citizenship, the plaintiff

must allege to a "reasonable probability" that the claim is in excess of the sum or value of

$75,000.00, the statutory jurisdictional amount. *See* 28 U.S.C. § 1332(a); *Colavito v. N.Y. Organ*

*Donor Network, Inc.*, 438 F.3d 214, 221 (2d Cir. 2006).

First, Plaintiff does not plead any facts suggesting that the amount-in-controversy

requirement is satisfied. He states that Turbo Dynamics Corporation was paid approximately

$40,000 in 2021, and that he seeks to recover the "balance of the money due" it, but he does not

allege any facts about the amount owed. Plaintiff thus fails to satisfy his burden of showing that

the amount in controversy exceeds $75,000. *Linardos v. Fortuna*, 157 F.3d 945, 947 (2d Cir.

1998) (a plaintiff bears the burden of establishing that diversity jurisdiction existed at the time

the action commenced.).

Second, Plaintiff does not plead facts adequately demonstrating the citizenship of each

party. For purposes of diversity jurisdiction, "[a]n individual's citizenship, within the meaning of

the diversity statue, is determined by his domicile." *Johnson v. Smithsonian*, 4 Fed. App'x 69, 70

(2d Cir. 2001) (citing *Palazzo v. Corio*, 232 F.3d 88, 42 (2d Cir. 2000)). Domicile is "the place

where a person has his true fixed home and principal establishment, and to which, whenever he

is absent, he has the intention of returning." *Linardos,* 157 F.3d at 948. A corporation is a citizen,

6

for purposes of Section 1332, of both the State where it is incorporated and the State where it has

its principal place of business. *Hertz Corp. v. Friend*, 559 U.S. 77, 93 (2010).

Plaintiff names himself, both individually and as "owner" of Turbo Dynamics

Corporation, as the plaintiff in this action. Plaintiff can only bring suit on his own behalf – not on

behalf of Turbo Dynamics Corporation. *See United States ex rel. Mergent Servs. v. Flaherty*, 540

F.3d 89, 92 (2d Cir. 2008) (holding that a nonlawyer cannot bring suit on behalf of an entity ).[5]

The Court therefore treats this action as having been brought by Pierre Lavi, individually, as he is

the only plaintiff who can proceed *pro se* (and is also the only plaintiff who can proceed IFP).[6]

Plaintiff provides an address for himself in Suffolk County, New York but does not

indicate whether he is domiciled at the Suffolk County address.[7] In addition, it is unclear from

the allegations of the complaint whether Plaintiff has United States citizenship. Because

Defendant BCP appears to be organized under the laws of Morocco, Plaintiff cannot sue BCP

under the Court's diversity jurisdiction if Plaintiff is also an alien because there would be alien

---

[5] Plaintiff has repeatedly been advised in prior actions that, as a non-attorney, he cannot
prosecute claims on behalf of another. *See, e.g., Lavi et al. v. DWS*, No. 22-CV-7501 (LTS)
(S.D.N.Y. Oct. 7, 2022) (explaining that "a *pro se* plaintiff cannot represent a corporation, even if
he is the sole member or shareholder of that corporation"); *Lavi v. Bank Negara Indonesia*, No.
22-CV-6000 (VSB) (S.D.N.Y. Sept. 20, 2022) (ECF 6) ("Plaintiff purports to bring this
complaint on his own behalf and on behalf of his company, Turbodynamics Corporation. As a
pro se litigant, however, Plaintiff cannot act on behalf of another.").

[6] Although the Court does not reach the merits of the action, the Court notes that there are
no allegations that Plaintiff, as an individual, was involved in a transaction with either defendant
or with non-party ONEE.

[7] The Court also notes that Plaintiff has not alleged any facts suggesting that venue lies in
this district. *See generally* 28 U.S.C. § 1391. Suffolk County is in the Eastern District of New
York. 28 U.S.C. § 112(c). The facts alleged in the complaint do not suggest that any part of the
events giving rise to this action took place within this district, § 1391(b)(2), or that venue is
proper in this district based on the residence of the parties, § 1391(b)(1). If Plaintiff amends his
complaint, and if the facts alleged therein show that venue is improper, the Court can transfer the
action to any district in which it might have been brought. 28 U.S.C. §§ 1404, 1406.

parties on both sides of the litigation. *Franceskin v. Credit Suisse*, 214 F.3d 253, 258 (2d Cir. 2000) ("[E]ven if a corporation organized under the laws of a foreign nation maintains its principal place of business in a State, and is considered a citizen of that State, diversity i[s] nonetheless defeated if another alien party is present on the other side of the litigation."); *Corporacion Venezolana de Formento v. Vintero Sales Corp.*, 629 F.2d 786, 790 (2d Cir. 1980) ("'[T]he presence of aliens on two sides of a case destroys diversity jurisdiction,' just like the presence of two citizens of the same state.").[8]

Plaintiff also has not pleaded facts about the citizenship of Defendants. Plaintiff provides an address for Defendant Puneet Talwar, an American diplomat serving as the Ambassador to Morocco, at the Embassy of the Kingdom of Morocco in Washington, D.C. Plaintiff does not allege that Defendant Talwar is domiciled at that address, and Plaintiff therefore has not pleaded sufficient facts about Defendant Talwar's citizenship for purposes of Section 1332(a). The second defendant is BCP, that is, the Banque Centrale Populaire de Morocco, which ONEE used for its wire transfer to Turbo Dynamics Corporation. Plaintiff provides an address in Washington, D.C., for BCP but has not alleged facts about where BCP is incorporated or has its principal place of business.

Plaintiff's allegations are therefore insufficient to establish diversity jurisdiction, because his allegations regarding both the amount in controversy and the citizenship of the parties are insufficient.

---

[8] Even if Plaintiff is a legal permanent resident in the United States and therefore, under § 1332(a)(2), is deemed to reside in the State where he is domiciled (New York), "section 1332(a)(2) does not give the district court jurisdiction over a suit by a permanent resident against a non-resident alien." *Tagger v. Strauss Grp. Ltd.*, 951 F.3d 124, 127 (2d Cir. 2020).

**LEAVE TO AMEND**

Plaintiff proceeds in this matter without the benefit of an attorney. District courts

generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its

defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir.

2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has

cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to

amend at least once when a liberal reading of the complaint gives any indication that a valid

claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v.

USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because Plaintiff may be able to allege

additional facts to show that the Court has subject matter jurisdiction of this action, the Court

grants Plaintiff 60 days' leave to amend his complaint to detail his claims. The Court notes,

however, that the disputed transaction appears to be between Turbo Dynamics Corporation,

which cannot proceed *pro se*, and ONEE, which is not subject to diversity jurisdiction as a

defendant if, as it appears to be, it is a state-owned entity.[9]

Plaintiff is granted leave to amend his complaint to provide more facts about his claims.

In the "Statement of Claim" section of the amended complaint form, Plaintiff must provide a

short and plain statement of the relevant facts supporting each claim against each defendant. If

Plaintiff has an address for any named defendant, Plaintiff must provide it. Plaintiff should

---

[9] The diversity statute, 28 U.S.C. § 1332(a)(4), provides for diversity jurisdiction where a suit is between "a foreign state, defined in section 1603(a) of this title, as plaintiff and citizens of a State or of different States." It does not authorize diversity jurisdiction where the foreign state or instrumentality is a defendant. *Abrams v. Societe Nationale des Chemins de Fer Francais*, 332 F.3d 173, 178 (2d Cir. 2003) ("The FSIA also amended the diversity jurisdiction provision, § 1332. That amendment eliminated jurisdiction over actions against foreign states, and this section refers now only to suits where a foreign state is a plaintiff."), *vacated on other grounds*, 542 U.S. 901 (2004).

include all of the information in the amended complaint that Plaintiff wants the Court to consider

in deciding whether the amended complaint states a claim for relief. That information should

include:

    a)  the names and titles of all relevant people;

    b)  a description of all relevant events, including what each defendant did or failed to do, the approximate date and time of each event, and the general location where each event occurred;

    c)  a description of the injuries Plaintiff suffered; and

    d)  the relief Plaintiff seeks, such as money damages, injunctive relief, or declaratory relief.

Essentially, Plaintiff's amended complaint should tell the Court: who violated his

federally protected rights; how, when, and where such violations occurred; and why Plaintiff is

entitled to relief.

Because Plaintiff's amended complaint will completely replace, not supplement, the

original complaint, any facts or claims that Plaintiff wants to include from the original complaint

must be repeated in the amended complaint.

## CONCLUSION

Plaintiff is granted leave to file an amended complaint that complies with the standards

set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit

within 60 days of the date of this order, caption the document as an "Amended Complaint," and

label the document with docket number 22-CV-10948 (LTS). An Amended Complaint form is

attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the

time allowed, and he cannot show good cause to excuse such failure, the complaint will be

dismissed for failure to state a claim upon which relief may be granted.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   February 16, 2023
            New York, New York

                                                /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        Chief United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____
Write the full name of each plaintiff.

-against-

_____

_____

_____
Write the full name of each defendant. If you need more
space, please write "see attached" in the space above and
attach an additional sheet of paper with the full list of
names. The names listed above must be identical to those
contained in Section II.

_____CV_____
(Include case number if one has been
assigned)

**AMENDED**

**COMPLAINT**

Do you want a jury trial?
☐ Yes      ☐ No

---

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed
with the court should therefore *not* contain: an individual's full social security number or full
birth date; the full name of a person known to be a minor; or a complete financial account
number. A filing may include *only*: the last four digits of a social security number; the year of
an individual's birth; a minor's initials; and the last four digits of a financial account number.
See Federal Rule of Civil Procedure 5.2.

---

Rev. 2/10/17

## I.   BASIS FOR JURISDICTION

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation, and the amount in controversy is more than $75,000, is a diversity case. In a diversity case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal-court jurisdiction in your case?

☐   **Federal Question**

☐   **Diversity of Citizenship**

### A.   If you checked Federal Question

Which of your federal constitutional or federal statutory rights have been violated?

_____

_____

_____

_____

### B.   If you checked Diversity of Citizenship

#### 1.   Citizenship of the parties

Of what State is each party a citizen?

The plaintiff , _____ , is a citizen of the State of
          (Plaintiff's name)

_____
(State in which the person resides and intends to remain.)

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____ .

If more than one plaintiff is named in the complaint, attach additional pages providing information for each additional plaintiff.

If the defendant is an individual:

The defendant, _____ , is a citizen of the State of
(Defendant's name)

_____

or, if not lawfully admitted for permanent residence in the United States, a citizen or
subject of the foreign state of

_____ .

If the defendant is a corporation:

The defendant, _____ , is incorporated under the laws of

the State of _____

and has its principal place of business in the State of _____

or is incorporated under the laws of (foreign state) _____

and has its principal place of business in _____ .

If more than one defendant is named in the complaint, attach additional pages providing
information for each additional defendant.

## II.  PARTIES

## A.  Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional
pages if needed.

_____
First Name            Middle Initial          Last Name

_____
Street Address

_____
County, City                          State                Zip Code

_____
Telephone Number                      Email Address (if available)

Page 3

## B.   Defendant Information

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. Attach additional pages if needed.

Defendant 1:

First Name                              Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City                          State                    Zip Code

Defendant 2:

First Name                              Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City                          State                    Zip Code

Defendant 3:

First Name                              Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City                          State                    Zip Code

Defendant 4:

_____

First Name                          Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                        State              Zip Code

## III. STATEMENT OF CLAIM

Place(s) of occurrence: _____

Date(s) of occurrence: _____

## FACTS:

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and what each defendant personally did or failed to do that harmed you. Attach additional pages if needed.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

## IV. RELIEF

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

## V.  PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| | |
|---|---|
| Dated | Plaintiff's Signature |
| First Name          Middle Initial | Last Name |
| Street Address | |
| County, City | State          Zip Code |
| Telephone Number | Email Address (if available) |

I have read the Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☐ Yes    ☐ No

   If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.