UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PIERRE LAVI,<br><br>       Plaintiff,<br><br>-against-<br><br>PUNEET TALWAR, General Manager of Bank Central Populare; EMBASSY OF MAROC, in Washington D.C.,<br><br>       Defendants. | 22-CV-10948 (LTS)<br><br>ORDER OF DISMISSAL |

LAURA TAYLOR SWAIN, Chief United States District Judge:

  Plaintiff, who is appearing *pro se* and *in forma pauperis*, brings this action invoking the Court's federal question and diversity jurisdiction, 28 U.S.C. §§ 1331, 1332. By order dated February 16, 2023, the Court directed Plaintiff to amend his complaint to address deficiencies in his original pleading. Plaintiff then submitted a letter, which the Court received on March 10, 2023. (ECF 6.) On March 30, 2023, Plaintiff filed an amended complaint, and the Court has reviewed both the letter and the amended complaint. The action is dismissed for the reasons set forth below.

## STANDARD OF REVIEW

  The Court must dismiss an *in forma pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

The following is the entire statement of facts alleged in the amended complaint:[1]

> [M]y claim is not only the amount of my losses but should include that due not paying amount to undersigned.
>
> My company called TurboDynamics Corporation was out of business after forty years as manufacturing co for gas turbine parts and jet engine parts sold principally to United State[s] Air For[ce], United State[s] Navy, United State[s]

---

[1] The spelling and punctuation in all quoted material is from the original.

>Army, and most NATO countries, as well as competing with Siemens of Germany, Mitsubishi of Japan, General Electric, Pratt + Witney owned by Mitsubishi of Japan, etc.

(ECF 7 at 5.)

Plaintiff adds, in terms of the relief that he is seeking, that he "lost all potential businesses because [the] amount due was not paid on timely manner to pay real estate taxes and all of the expenses."[2] (*Id.* at 6.) Plaintiff names as defendants the Embassy of Morocco (sued as the "Embassy of Maroc"), which is in Washington, D.C., and Puneet Talwar, the general manager of a bank. Neither defendant is mentioned in the body of the complaint. Plaintiff seeks "at least $600,000." (*Id.*)

In Plaintiff's letter dated March 6, 2023, he states that TurboDynamics Corporation "suspended [its] activities several years ago" and that the corporation's "responsibilities became [his] own responsibilities." (ECF 6 at 1.) He contends that. "[f]or this reason," he is "trying to help [him]self by pursuing justice." (*Id.*) Plaintiff attaches documents to the letter, including a general release, and a document regarding post-closing possession in connection with a real estate transaction. Plaintiff seems to indicate in the attachments to the letter that he is a "managing member" of a limited liability company, 150 Express Realty, LLC. (*Id.* at 6.)

## DISCUSSION

### A.     Pro Se Representation

As a nonlawyer, Plaintiff can only represent his own interests. *See* 28 U.S.C. § 1654; *U.S. ex rel. Mergent Servs. v. Flaherty*, 540 F.3d 89, 92 (2d Cir. 2008) ("[A]n individual who is not licensed as an attorney may not appear on another person's behalf in the other's cause.")

---

[2] It is unclear if Plaintiff is asserting that Defendants caused him to lose out on other business, or if he is referring to business losses by TurboDynamics Corporation.

3

(internal quotation marks and citation omitted); *Eagle Assocs. v. Bank of Montreal*, 926 F.2d 1305, 1308 (2d Cir. 1991)) (noting that Section 1654 "allow[s] two types of representation: 'that by an attorney admitted to the practice of law by a governmental regulatory body, and that by a person representing himself'"). Moreover, corporations and other artificial entities cannot proceed *pro se*. *Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 202 (1993); *Jones v. Niagara Frontier Transp. Auth.*, 722 F.2d 20, 22 (2d Cir. 1983) ("[A] corporation, which is an artificial entity that can only act through agents, cannot proceed *pro se*.").

In Plaintiff's original complaint, he brought claims on his own behalf and purported to bring claims on behalf of TurboDynamics Corporation. In the February 16, 2023, order to amend, the Court explained that TurboDynamics Corporation must be represented by counsel to pursue its claims, and that Plaintiff could only represent himself and pursue his own claims. Moreover, the allegations of the complaint did not show that Plaintiff was bringing any of his own claims.[3]

In Plaintiff's amended complaint, he lists himself as the sole plaintiff and does not indicate that he seeks to join TurboDynamics Corporation as a plaintiff. Plaintiff states in his letter to the Court that TurboDynamics Corporation "suspended [its] activities several years ago" and that the corporation's "responsibilities became [his] own responsibilities." (ECF 6 at 1.) He attaches to his letter a document from 2001 that seems to reflect that, at that time, he owned 20% of the shares of TurboDynamics Corporation. (*Id.* at 2.) First, it is not clear whether

---

[3] Plaintiff seemed to suggest in the original complaint that he was asserting claims arising from a contract between non-party ONEE, which is a state-owned entity, and TurboDynamics Corporation. In his separate pending suit against the Embassy of Morocco and BNP Paribas, Plaintiff has asserted that ONEE engaged in fraud against him and his company. *Lavi v. BNP Paribas*, No. 22-CV-06922 LTS (S.D.N.Y.).

TurboDynamics Corporation remains active. For example, no party has raised the issue of its dissolution or the distribution of its assets in other litigation that Plaintiff is currently pursuing in this district. *See, e.g.*, *Lavi v. Bank Negara Indonesia Branch*, No. 22-CV-6000 (VSB) (S.D.N.Y.) (motion to dismiss fully briefed). Second, even if TurboDynamics Corporation had been dissolved and its assets, if any, distributed, Plaintiff does not plead any facts suggesting that, as part of a dissolution plan, he personally was awarded rights to unsatisfied accounts receivable, including monies owed by either defendant. Plaintiff, who can only proceed *pro se* when pursuing his own claims, thus does not sufficiently allege that he personally has the right to any debt previously owed to TurboDynamics Corporation. The Court therefore considers below only whether Plaintiff himself states a claim against either defendant, not whether TurboDynamics Corporation can do so.[4]

### B.      Claims under the FSIA against the Embassy of Morocco

In his amended complaint, Plaintiff asserts that his rights under 28 U.S.C. § 1331 were "violated" (ECF 7 at 2), which the Court understands to mean that he is invoking federal question jurisdiction. Plaintiff has not identified, however, any federal statute under which his claims arise. In Plaintiff's original complaint, he also did not identify any federal claim that he was bringing, but he attached to his complaint a copy of a decision in a case brought under the Federal Sovereign Immunities Act (FSIA), 28 U.S.C. §§ 1602–1611.

Plaintiff names the Embassy of Morocco as a defendant. Agencies of a foreign state, such as Defendant Embassy of Morocco, are covered by the FSIA. 28 U.S.C. § 1603; *Underwood v. United Republic of Tanzania*, No. 94-CV-902, 1995 WL 46383, at *2 (D.D.C. Jan. 27, 1995)

---

[4] The Court notes, however, that because the amended complaint does not comport with Rule 8, and does not include any facts about what happened, nothing in the amended complaint suggests that TurboDynamics Corporation has a claim against either defendant.

("[W]e conclude that as a matter of law an embassy of a sovereign nation is a foreign state" for purposes of the FSIA). The FSIA is the "only . . . basis for exercising subject matter jurisdiction over a foreign state." *Nam v. Permanent Mission of Republic of Korea to United Nations*, No. 21-CV-06165 (JLR), 2023 WL 2138601, at *7 (S.D.N.Y. Feb. 21, 2023) (relying on *Argentine Republic v. Amerada Hess Shipping Corp.*, 488 U.S. 428, 439 (1989)). It renders a foreign government "presumptively immune from the jurisdiction of United States courts unless one of the Act's express exceptions to sovereign immunity applies." *OBB Personenverkehr AG v. Sachs*, 577 U.S. 27, 31 (2015) (citation omitted); 28 U.S.C. § 1330(a) (conferring jurisdiction over "any claim . . . with respect to which the foreign state is not entitled to immunity").

The exception for commercial activity provides that a foreign state shall not be immune from the jurisdiction of United States courts in any case "in which the action is based upon a commercial activity carried on in the United States by the foreign state." 28 U.S.C. § 1605(a)(2); *Verlinden B.V. v. Cent. Bank of Nigeria*, 461 U.S. 480, 488-89 (1983) (commercial activity exception includes "actions based upon commercial activities of the foreign sovereign carried on in the United States or causing a direct effect in the United States").

The Second Circuit has explained the FSIA's shifting burden scheme as follows:

> A defendant seeking to invoke the FSIA's protections must make a prima facie showing that it is a foreign sovereign. *See Rukoro v. Federal Republic of German*, 976 F.3d 218, 224 (2d Cir. 2020). If the defendant is successful in doing so, the plaintiff bears the burden of demonstrating that an exception to foreign sovereign immunity applies. *See id.* "Once the plaintiff has met its initial burden of production, the defendant bears the burden of proving, by a preponderance of the evidence, that the alleged exception does not apply." *Id.* (quoting *Pablo Star Ltd. v. Welsh Gov't*, 961 F.3d 555, 560 (2d Cir. 2020)).

*Beierwaltes v. L'Office Federale de la Culture de la Confederation Suisse*, 999 F.3d 808, 816-17 (2d Cir. 2021); *Cargill Int'l S.A. v. M/T Pavel Dybenko*, 991 F.2d 1012, 1016 (2d Cir. 1993) (same).

Here, Plaintiff's amended complaint does not include any allegations whatsoever about the Embassy of Morocco or its activities. He names the Embassy of Morocco in the caption but does not mention this defendant in the body of the amended complaint. Instead, Plaintiff simply alleges that he seeks $600,000 because he "lost all potential business because [the] amount due was not paid [in a] timely manner to pay real estate taxes and all other expenses." [5] (ECF 7 at 6.) There are no facts in the amended complaint about who owed money to Plaintiff or why, or when it was due. Because Plaintiff does not plead any facts suggesting that an exception to foreign sovereign immunity applies, the Court lacks subject matter jurisdiction of Plaintiff's claims against the Embassy of Morocco.

## C.   Defendant Puneet Talwar of Bank Central Popular

The only other defendant in this matter is Puneet Talwar, who is identified as a general manager of Bank Central Popular's Washington, D.C. branch. Plaintiff does not identify any claim against Defendant Talwar arising under federal law, and there does not appear to be any basis for federal question jurisdiction of any claims against this defendant. [6]

The Court also considers whether Plaintiff has pleaded facts sufficient to show that the Court can exercise diversity jurisdiction of his claims against Talwar. To establish diversity jurisdiction under Section 1332, a plaintiff must first allege that the plaintiff and the defendant are citizens of different states. *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998). "An

---

[5] The original complaint suggested that Plaintiff's claim was that a state-owned corporation in Morocco, non-party ONEE, owed money to TurboDynamics Corporation, which can only pursue its claims through counsel. Plaintiff alleged that ONEE's last payment to TurboDynamics Corporation was made in 2020. (ECF 1 at 3.) Plaintiff's amended complaint does not mention this transaction and includes less information than his original complaint.

[6] To the extent there is some ambiguity about whether Plaintiff is suing the bank itself, the Court notes that, according to its website, Bank Central Popular is not itself a state-owned entity, and thus it does not appear that the FSIA would apply to it.

individual's citizenship, within the meaning of the diversity statue, is determined by his domicile." *Johnson v. Smithsonian*, 4 Fed. App'x 69, 70 (2d Cir. 2001) (citing *Palazzo v. Corio*, 232 F.3d 88, 42 (2d Cir. 2000)). In addition, the plaintiff must allege to a "reasonable probability" that the claim is in excess of the sum or value of $75,000.00, the statutory jurisdictional amount. *See* 28 U.S.C. § 1332(a); *Colavito v. N.Y. Organ Donor Network, Inc.*, 438 F.3d 214, 221 (2d Cir. 2006).

Plaintiff alleges in the amended complaint that he is a United States citizen domiciled in New York and thus a citizen of New York for purposes of diversity jurisdiction. (ECF 7 at 2.) Plaintiff does not plead any facts about where Defendant Talwar is domiciled, and thus he does not satisfy his burden of demonstrating complete diversity of citizenship.

Generally, a district court should allow a *pro se* plaintiff an opportunity to amend a complaint to cure its deficiencies, including "to drop dispensable nondiverse defendants whose presence would defeat diversity of citizenship." *Jaser v. New York Prop. Ins. Underwriting Ass'n*, 815 F.2d 240, 243 (2d Cir. 1987). Leave to amend may be denied where, as is the case here, the plaintiff has already been given an opportunity to amend but has failed to cure the complaint's deficiencies. *See Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). It appears that it would be futile to grant Plaintiff further leave to replead to cure his allegations regarding diversity jurisdiction because Plaintiff also has not pleaded any facts about anything Defendant Talwar did or failed to do that violated Plaintiff's rights. Even if the Court could exercise diversity jurisdiction of the amended complaint, the allegations of the amended complaint fail to state a claim on which relief can be granted against Defendant Talwar. Because it appears that it would be futile to grant Plaintiff

further leave to amend to show some basis for exercising subject matter jurisdiction, the Court declines to grant Plaintiff another opportunity to do so.

## CONCLUSION

Plaintiff's complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), is dismissed for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). The Clerk of Court is directed to enter judgment in this matter.

SO ORDERED.

Dated:   May 30, 2023
         New York, New York

                              /s/ Laura Taylor Swain
                              LAURA TAYLOR SWAIN
                              Chief United States District Judge